UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GILBERT MADORE and
SUZANNE MADORE
    Plaintiffs   : CIVIL ACTION NO.:
             3 02 CV1519JCH

VS.

TONY BONDI, CYNTHIA WILLIAMS,
TOWN OF HADDAM AND RAY BOGDAN
    Defendants  : December 31, 2003

**DEFENDANTS' RULE 56(a)(1) STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56(a)(1), the defendants Town of Haddam, Anthony Bondi and Cynthia Williams submit the following statement of material facts to which there are no genuine issues to be tried.

1. The plaintiff Gilbert Madore was at all times a resident of the Town of Higganum. (Amended Complaint).

2. The defendant Town of Haddam is a municipal corporation in the State of Connecticut.

3. The defendant Tony Bondi was a First Selectman for the Town of Haddam for the time period alleged in the complaint. (Affidavit of Tony Bondi, Exhibit A)

4. The defendant Cynthia Williams was the Zoning Enforcement Official for the Town of Haddam for the period of January 2001 through September 4, 2002.

5. Susan Madore is the owner of property at 109 Nason Road in Higganum, Connecticut for all times relevant to this action. (Gilbert Madore, deposition Tr. at 13-14)

6. Susan Madore resides with her boyfriend, Gilbert Madore, who is not listed as an owner of the property, which is about three acres. (Gilbert Madore, deposition Tr. at 13-14)

7. Harry Everhart was the official for the town with whom Gilbert worked (Gilbert Madore deposition Tr. at 17)

8. At this point in time, the basement would get five feet of water in it. (Gilbert Madore deposition Tr. at 17)

9. A swale was put upon the far side of the house so that water would not run through the basement window. (Gilbert Madore deposition Tr. at 18)

10. A catch basin was put in down at the public roadway. (Gilbert Madore deposition Tr. at 18)

11. Initially, Mr. Madore was not operating with any plans or a permit, but ultimately he did secure an engineer redesign and the work was done. (Gilbert Madore deposition Tr. at 20)

12. Mr. Madore who did have a 450 gallon diesel fuel tank, ultimately sold that diesel tank. (Gilbert Madore deposition Tr. at 35)

13. The snow plow truck was moved to his father's place. (Gilbert Madore deposition Tr. at 34)

14. Gilbert Madore has no personal knowledge as to whether he has been treated differently from the way town officials have dealt with other written complaints or complaints made at meetings. (Gilbert Madore deposition Tr. at 56; Susan Madore deposition Tr. at 11)

15. Tony Bondi did not receive the complaints from Ray Bogdan regarding the property in issue other than in his capacity as First Selectman for the Town.

16.  There were no exchange of anything between Ray Bogdan and Tony Bondi regarding Gilbert Madore. (Affidavit of Tony Bondi)

17.  There was no exchange between Ray Bogdan and Cynthia Williams regarding anything to do with Gilbert and Susan Madore. (Affidavit of Williams, Exhibit B).

18.  The only information received by Tony Bondi from Ray Bogdan was through Mr. Bogdan in his capacity as a citizen of the Town of Haddam with a right to speak his mind. (Affidavit of Tony Bondi)

19.  The only information received by Cynthia Williams from Ray Bodgan was through Mr. Bogdan in his capacity as a citizen of the Town of Haddam with a right to speak his mind. (Affidavit of Cynthia Williams)

DEFENDANTS TONY BONDI, CYNTHIA
WILLIAMS & TOWN OF HADDAM,

By *[signature]*
William J. Melley III
250 Hudson Street
Hartford, CT 06106
phone: (860) 247-9933
fax: (860) 247-9944
Federal Bar No. CT 06355

## *CERTIFICATION*

This is to hereby certify that a copy of the foregoing was mailed this date to:

Norman A. Pattis, Esquire
Williams and Pattis, LLC
55 Elm Street, Suite 409
New Haven, CT 06510

Thomas P. Cella, Esquire
Howard, Kohn, Sprague & FitzGerald
237 Buckingham Street
P. O. Box 261798
Hartford, CT 06106

*[signature]*
William J. Melley III

EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GILBERT MADORE and
SUZANNE MOORE
        Plaintiffs       : CIVIL ACTION NO.:
                           3:02CV 1519 (JCH)

VS.

TONY BONDI, CYNTHIA WILLIAMS,
TOWN OF HADDAM and RAY BOGDAM
        Defendants       : December 29, 2003

## AFFIDAVIT OF CYNTHIA WILLIAMS

I, Cynthia Williams, hereby give affidavit and state:

1. I am over the age of eighteen years of age and understand the meaning of an oath.

2. For a period in 2001 and 2002, I was a Zoning Enforcement Official for the Town of Haddam.

3. I received notice by way of complaints with regard to activities occurring at 109 Nason Road, Higganum, Connecticut.

4. In December 2001, based upon complaints, I was made aware of conditions in the property that required a home-occupation permit.

5. I wrote to Mr. Madore as referenced in the letter dated December 13, 2001, attached hereto as Exhibit 1.

6. I wrote again to Mr. Madore with regard to conditions of the property on January 24, 2002 as it impacts on the Inland Wetland Commission.

7. I did notify Mr. Madore of his violation of the Inland Wetlands on January 25, 2002, attached hereto as Exhibit 2

8. I attempted to work with Mr. Madore to resolve the issues, giving him advice as to the commissions he was to go to and the permits he would need.

9. At a public hearing on March 18, Mr. Ray Bogdan did complain to the Commission regarding the conduct of Mr. Madore at the 109 Nason Road property, attached hereto as Exhibit 3.

10. Upon request, I reported to the Commission my understanding of what Mr. Madore was doing.

11. Based upon the statements made, the Chairman of the Planning and Zoning Committee ordered me to issue a cease-and-desist order to Mr. Madore, which I did on March 29, 2002, attached hereto as Exhibit 4.

12. All actions I took, I did based upon my understanding of the rules and regulations of the Town of Haddam as it pertains to zoning and wetlands. All my actions were based upon what was open and obvious to me. I deny that Ray Bogdan influenced my actions.

Cynthia Williams

Subscribed and sworn to before me this 30th day of December 2003.

*[signature]*
Notary Public/Commissioner of Superior Court  Comm Exp 4/30/08
Joyce A McGillicuddy



Town of Haddam

\* Certified Mail Return Receipt Requested

December 13, 2001

Ms. Susan Dadario
Mr. Gilbert Madore
109 Nason Road
Higganum, CT 06441

RE: Home Occupation Permit  Map 22, Lot 3 - 3

Dear: Mr. Madore,

I have found that the need for a home occupation permit is warranted in your situation due to the visible, and constant commercial vehicles on your property. Please come in soon as possible to fill out and submit an application to the Planning and Zoning Commission. If you come in by Thursday, December 20, 2001, you can be placed on the agenda for January 7, 2001.

If you have any questions you can speak to either Ann Riebold, the Town Planner, Geoff Colgrove or Me.

Respectfully yours,

Cynthia Williams
Zoning Enforcement Officer

cc:   Geoff Colgrove
      Ann Riebold
      File

# 7000 0600 0026 4447 3397

Exhibit 2

 Town of Haddam

January 24, 2002

Suzanne Dadario [& Gilbert Madore]
109 Nason Road
Higganum, CT 06441

RE: Wetland Violation

Dear Ms. Dadario[& Mr. Madore],

At a recent site inspection on January 19, 2002 the Wetland Chairman, a Commission member and Me witnessed an alteration and disturbance to the watercourse which runs adjacent to your property. This alteration should not have been conducted until you were granted approval from the Inland Wetland Commission.

Please notify me upon receipt of this letter. I will direct you to the appropriate Commission so you can appropriately settle this matter.

Sincerely yours,


Cynthia Williams
Inland Wetland Enforcement Officer
enc.

cc:     File

Officer at the Town Hall.

Sincerely,

*[signature]*

Cynthia Williams, Zoning Enforcement Officer


cc:   Tony Bondi. First selectman
      Geoff Colgrove, Town Planner
      Paul Geraghty, Chairman – Planning & Zoning
      Mark Stephens. Inland/Wetland Chairman
      File

# 7001 1140 0002 9461 0000



Wetlands Enforcement Officer
Wetlands Commission
Town Office Building
Haddam, Connecticut 06438

\* Certified Mail Return
Receipt Requested

# NOTICE OF VIOLATION

MAP: _____22_____  LOT: _____3-3_____

DATE ISSUED: ___January 25, 2002___

NOTICE SENT TO: ___Ms. Suzanne Dadario [& Mr. Gilbert Madore]___

MAIL ADDRESS: ___109 Nason Road___

PROPERTY OWNER: ___Ms. Suzanne Dadario___

LOCATION OF VIOLATION: ___Same___

Statue/Regulation: ___Section 6.1___

This is an informal letter to advise you that the above property is in violation of the Haddam Inland Wetland regulations. The formal wording that follows is standard format to maintain the record should the need arise to pursue the issue.

Pursuant to the authority vested in me by the Connecticut General Statutes and the Wetland Regulations of the Town of Haddam, you are hereby notified that the following conditions exist at the premises identified above and are in violation of the referenced State Statutes and/or Haddam Zoning Regulations.

## VIOLATION

- Altering a Water Course without authorization from the Inland Wetland Commission

## REMEDY

Discontinue any activity within the wetland and the upland review area
Submit application, and fee to the Land Use Department by February 3, 2002

Any questions regarding compliance may be discussed with the Zoning Enforcement

SEP-25-2002 04:53P FROM:                                2474201                    P:2/4

Exhibit 3

# TOWN OF HADDAM
## PLANNING AND ZONING COMMISSION
## PUBLIC HEARING AND MEETING
### MONDAY, MARCH 18, 2002 AT 7:00 PM
### HADDAM TOWN HALL
### MINUTES

| ATTENDANCE | |
|---|---|
| X | Trevor Davis |
| X | Stasia De Michele |
| A | Mark Dubois, Vice Chairman |
| X | Robert Duval, Secretary |
| X | Paul Geraghty, Chairman |
| A | Malcolm Gorin |
| A | Landon Haase, Alternate |
| X | Stephen Hitchcock |
| A | Arthur Kohs, Alternate |
| X | Geoff Colegrove, Town Planner – Midstate RPA |
| X | Cynthia Williams, Zoning Enforcement Officer (ZEO) |
| X | Ann Riebold, Administrative Assistant |

1. <u>Call to order</u>

The meeting was called to order at 7:07 PM.

2. <u>Attendance – Seating of Alternates</u>

Attendance was taken. There was a quorum present.

3. <u>Additions/Corrections to the Agenda</u>

There were three additions to the Agenda. 11A the Jail Hill Ball Park /Haddam Little League request for modification of a Special permit; 11B Jeff Rummel and Bill Conner for discussion of a lot on Earl Roberts Road; and 11C Chairman Geraghty's request for discussion of Section 7 for a possible regulation change [see attached].

4. <u>Approval of/Corrections to the March 4, 2002 Meeting's Minutes</u>

The Minutes were accepted as printed.

5. <u>Staff Reports</u>

Staff Reports were deferred until after the Public Hearing. (See #11).

1



The main issue tonight is the through road. The Commission noted that there is lot of ledge in this area and each driveway would cause good amount of blasting. A possible option would be a common driveway. Mr. Fairbanks noted that the parcel is very steep in places. He believed that the new proposal would comply with regulations for less than 15% slopes. He thought that the two main considerations at this time were 1) road length, for which the applicant would need a waiver, and 2) whether the plan should be for a through road or for a cul-de-sac concept. The longest point from the intersection of Plains Road and the cul-de-sac is 2,700 feet.

Douglas Reefe spoke in reference to the steep driveway that was mentioned earlier. He said that the driveway cuts onto Old Cart Road in a very steep angle and that that might be a safety issue. He suggested reducing that problem by reducing the number of lots and by making a cul-de-sac. The Commissioners tended to believe that the single through road would cause fewer problems in the long run.

There was discussion of selling lots as the road is completed and improved to Town standards. The lots that could be sold would be frontage lots and not the interior lots until the entire road was completed. Bonding issues were also reviewed.

Fire facilities would be necessary and would probably involve 2-3 tanks due to the length of the road, according to Mr. Colegrove. A fire loop road was suggested as a good idea for further fire safety

Mr. Fairbanks, who had come for comment and feedback to his proposed plan, was going to incorporate the Commissioner's suggestions and continue with the planning stage of the proposal.

11. **Raymond Bogdan, request to discuss issues on Nason Road, Higganum**

Mr. Bogdan appeared with a real estate power of attorney for Joyce Maynard to represent her interests in this matter. He had a complaint about Ms. Maynard's neighbor, Gilbert Madore of 109 Nason Road, who apparently had started a large construction project two weeks ago. He stated that Ms. Maynard owns the entire portion of the brook about 198 feet in a straight line. He is altering the direction of the brook and flattening a portion of his property. Mr. Bogdan noted that this is not the first complaint focusing on Mr. Madore. He said that at his home, Mr. Madore has replaced windows, siding, roof, and roofing on the decks and rebuilt a portion of his chimney without any proof of permits. Presently, Mr. Madore is building a large concrete wall. Mr. Bogdan showed the Commission photographs.

Ms. Williams reported that Mr. Madore is planning to open a home occupation (landscaping business) with the help of land surveyor, Mr. Jacobiak. Mr. Madore is presently in the process of applying for a home occupation permit. Ms. Williams told Mr. Jacobiak that he would need a permit and would have to go before the Commission. She believes that Mr. Madore would eventually build a garage to house the construction equipment that he has parked all over his property right now. There is an oil truck parked close to the brook location, which caused the Commissioners serious concern. Mr. Madore has not applied for any permits and has moved his equipment into the woods and all around his yard.

Chairman Geraghty stated that this activity could not continue without a site plan and permits. He said that more than 25% of the total property seems to be dedicated to the home business. He also reminded the Commissioners that there should be no external evidence of the home occupation except parking (for 2 vehicles). This is obviously not the case in this incidence. There appears to be a violation. The Commission left it to Ms. Williams to continue to investigate and to issue a Cease and Desist to Mr. Madore.

11A. Jail Hill Road Ball Park, Modification of Special Permit

Bill Boles, Secretary of the Haddam Little League, Diane Bowe and Brian Roth represented the applicant. Mr. Boles said that they were here to talk about improvements to the new Ball Fields on Jail Hill Road and get the Commission's reaction. There were short term and long term plans. Short term, the Little League would like to construct a temporary structure at the extreme rear of the property. The structure would be used as a storage shed and a concession stand. The Little League was considering an 8-foot by 20-foot trailer or an 8-foot by 12-foot *Carefree* free standing building. There were some issues with the trailer, so the Little League believed the *Carefree* building was the best choice. The building could be set on gravel or rip rap. It was decided that this would need a zoning permit, but not a building permit

Mr. Roth talked about the introduction of electric power on the site that could be used to power the concession stand. He described the activity as a single-phase pole-top construction that would come off of a SNET pole 30-50 overhead [over the road] to a new inland pole inside the fence and go underground via a conduit to the rear of the lot He thought that there would be problems pulling the wire through the swales. There would be 200-amp service on the pedestal (Dave Loguidice had spec'd that portion out). The power would be used for lighting the concession and operating a pitching machine, etc. It would not be adequate to run a pumping station, Mr. Roth said.

Long range, Mr. Boles said that the Little League would like to build a permanent building to replace the temporary structure. The new building would include lavatories, the concession and storage. Mr. Boles noted that eventually the Little League would want to install dugouts on the fields. He asked if the P&Z would want to see a site plan or if administrative review would be enough. He was told that the Commission would have to see the original Special Permit and the conditions imposed in order to answer that question. Chairman Geraghty asked Ms. Riebold to fax him a copy of the Special Permit and conditions. Mr. Boles also asked for a copy of the same and Ms. Riebold said she would fax the information to both.

Ms. Riebold noted that the original plan (the Mylars) was never filed in the land records and reminded the Commission that this had happened under a previous administration.

Mr. Boles noted that the Little League has a time constraint as the opening day is April 20 and they wanted to have the building in place at that time

Mr. Boles said that the Little League would own the temporary building and would then take down that building and own and build the permanent building. He also mentioned that the portable toilets had been ordered. The Commission pointed out that the toilets were not on the application. Mr. Colegrove suggested putting all activities the Little League planned to do this year, and for which it was funded, on one application The

6



Town of Haddam

\* Certified Mail Return Receipt Requested

# CEASE AND DESIST ORDER

Map: __22__   Lot: __3-3__   Date: __March 29, 2002__

Order Sent To: _____Gilbert Madore & Suzanne Dadrio_____

Location of Violation: _____109 Nason Road_____

Property Owner: _____Suzanne Dadario_____

Mailing Address: _____109 Nason Road Higganum, CT 06441_____

Said premises owned and occupied by you are in violation of the below referenced Zoning Ordinances and Zoning Regulations in the Town Of Haddam

Pursuant to the authority vested in me by the Town of Haddam and the General Statutes of the State of Connecticut, you are hereby ordered and directed to immediately upon receipt of this letter to discontinue and remedy the violations and conditions at premises identified above.

An investigation of the subject premises by this office on _____March 18, 2002_____ discloses that the following conditions presently exist:

_____The storage of two or more Commercial Vehicles_____

_____Operating a business out of the home without approval from the Planning and Zoning_____
_____Commission_____

_____Operating a Commercial Business in a Residential Zone_____

_____Installing a Diesel Fuel Tank without a permit from the Zoning Enforcement Officer._____

The above conditions violate the following section(s) of the Town of Haddam Zoning Regulations: _____

_____Section 6.2(c), Section 21.4, and Section 23.2   \*See enclosed_____

Suggestions for remediation are as follow:

Immediately Cease and Desist any and all Activity upon receipt of this order. Proceed with permitting process

Your immediate attention to this matter is hereby advised and directed.

30 Field Park Drive, Haddam, CT 06438
Phone (860) 345-8531 • Fax (860) 345-3730

**Cynthia Williams**
**Zoning Enforcement Officer**

NOTE: A further inspection will be made of the subject premise 7 days upon receipt of this notice, if compliance is not established, the full penalties prescribed by the law may be invoked. You may consult the Zoning Enforcement Officer, if there are any questions as to the manner and time of establishing compliance.

cc:  Bruno Maurasutti, Town Attorney
     Tony Bondi, First Selectman
     Geoff Colgrove, Town Planner
     Paul Geraghty, Planning & Zoning Chairman
     Mark Stephens, Wetland Chairman
     File

Certified mail # 7000 0600 0026 4447 3403

EXHIBIT "B"

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

GILBERT MADORE and
SUZANNE MOORE
        Plaintiffs       : CIVIL ACTION NO.:
                           3:02CV 1519 (JCH)

VS.

TONY BONDI, CYNTHIA WILLIAMS,
TOWN OF HADDAM and RAY BOGDAM
        Defendants       : December 29, 2003

## AFFIDAVIT OF TONY BONDI

I, Tony Bondi, hereby give affidavit and state:

1. I am over the age of eighteen years of age and understand the meaning of an oath.

2. Since all of the events alleged in the above-referenced complaint, I have been First Selectman for the Town of Haddam.

3. I am aware of Gilbert Madore and his companion, Suzanne Madore who reside at 109 Nason Road.

4. I am aware that there have been issues with regard to the use of the property.

5. I am aware through complaints of citizens regarding the use of the property at 109 Nason Road, that there have been questions as to whether or not the property is in conformance with the zoning rules and regulations of the Town of Haddam.

6. I have spoken to Gilbert Madore in the past, at which time I have offered to assist him with regard to resolving the various issues.

7. I have spoken to Gilbert Madore about being in compliance with zoning rules and regulations.

8. To the extent there have been citizens' complaints, Mr. Madore has been treated no differently from other citizens of the Town of Haddam.

9. When any citizen of the Town of Haddam presents a complaint with regard to the conduct of another citizen or landowner within the Town of Haddam, I believe it is my responsibility to check out said complaint.

10. Every citizen has the right to complain at a public meeting in a time frame designed to accept complaints.

11. Ray Bogdan has not been treated differently from other citizens; i.e. to the extent he made complaints, they were checked out.

12. In my capacity as First Selectman, to the extent we become aware of a violation, we use our best efforts to resolve the issue.

13. I deny that Ray Bogdan influenced my actions.

*[signature]*
Tony Bondi

Subscribed and sworn to before me this ___ day of _December_ 2003.

*[signature]*
Notary Public/Commissioner of
Superior Court