UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GILBERT MADORE and<br>SUZANNE MADORE | : <br> : <br> : | |
| VS. | : <br> : | NO. 3:02CV1519(JCH) |
| TONY BONDI,<br>CYNTHIA WILLIAMS,<br>TOWN OF HADDAM and<br>RAY BOGDAN | : <br> : <br> : <br> : | JANUARY 18, 2004 |

**PLAINTIFFS' LOCAL RULE 56 STATEMENT OF FACTS**

*I      RESPONSE TO ASSERTIONS OF FACT BY DEFENDANT BOGDAN*

1. Agree.

2. Agree.

3. Agree.

4. Agree.

5. Agree.

6. Agree that he has made numerous complaints on, among other things, those topics. Disagree with any implication that any of his complaints was truthful. (2/4/03 Gilbert Madore Interrogatory Responses, ¶¶ 5, 15[1])

7. Disagree. (Gilbert Madore deposition transcript, pp. 110-11, 121-22[2])

---

[1] Attached hereto.

[2] Attached to defendant Bogdan's Local Rule 56 Statement.

8. Disagree.  (Id. pp. 19-28, 39-43, 51-55, 63-64, 94-100, 108-11, 121-22)

9. Disagree.  (Ibid.; (Suzanne Madore's deposition transcript, pp. 6-7, 10-12, 14-15[3])

10. Agree.

11. Agree that he complained at the meeting; agree that he had the Maynard power of attorney; otherwise, disagree.  (Gilbert Madore's deposition transcript, pp. 63-64, 94-95, 97-100)

12. Agree that he made those allegations.  However, those allegations were false.  (Ibid.)

13. Disagree.  In fact, although Bogdan was not even on the agenda for that evening, and the plaintiff had no notice that he would be complaining about him, the Board, contrary to its standard procedure, directed defendant Williams to take action against the plaintiff.  (Ibid.)

14. Agree that Bogdan has taken numerous photographs of the plaintiffs' property and children, going so far as to trespass upon the property for that purpose.  Disagree that his photos depict anything illegal.  (Gilbert Madore's deposition transcript, pp. 83-84, 91-92, 113)

15. Disagree.  (Ibid.; 2/4/03 Interrogatory Responses of Suzanne Madore, ¶¶ 6, 7, 9, 11[4])

---

[3] Attached to defendant Bogdan's Local Rule 56 Statement.

[4] Attached hereto.

16. Disagree. (Ibid.)

17. Disagree. (Suzanne Madore deposition transcript, pp. 14-17)

18. Disagree. (See entirety of Part C, *post*)

19. Disagree. (Gilbert Madore deposition transcript, p. 115)

II  **RESPONSE TO ASSERTIONS OF FACT BY DEFENDANTS BIONDI, WILLIAMS and TOWN OF HADDAM**

1. Agree.

2. Agree.

3. Agree.

4. Agree.

5. Agree.

6. Agree, except that the use of the word "boyfriend" is insulting and not accurate. (Gilbert Madore deposition, pp. 12-13, 116-18)

7. Agree that this was true at one time.

8. Agree that this was true at one time.

9. Agree.

10. Agree.

11. Agree, pursuant to his understanding with Mr. Everhart.

12. Agree.

13. Agree.

14. Disagree. (Suzanne Madore's deposition transcript, pp. 6-7, 10-12, 14-15; Gilbert Madore's deposition transcript, pp. 19-28, 39-43, 51-55, 63-64, 94-95, 97-100, 119)

15. Disagree. (Gilbert Madore's deposition transcript, pp. 110-11, 121-22)

16. Disagree. (Id. pp. 39-43, 110-11, 121-22)

17. Disagree. (Id. pp. 16-18, 28-32, 34, 39-43, 59-60)

18. Disagree. (Id. pp. 39-43, 110-11, 121-22)

19. Disagree. (Id. pp. 16-18, 28-32, 34, 39-43, 59-60)

### III  PLAINTIFFS' STATEMENT OF MATERIAL FACTS

1. Defendant Bogdan on repeated occasions photographed the plaintiffs' property and the plaintiffs' young children, terrorizing the children. (2/4/03 Interrogatory Responses of Suzanne Madore, ¶¶ 6, 7, 9, 11)

2. The defendant Town of Haddam requested the plaintiffs to install equipment at their residence and then issued a cease and desist order against them, at the insistence of defendant Bogdan, falsely accusing the plaintiffs of regulatory violations because of their compliance with the Town's request. These actions of the defendants caused the family to suffer economic losses and emotional distress. (Id. ¶¶ 13, 15, 16; 3/19/03 Suzanne Madore Interrogatory Responses, ¶¶ 14, 18, 21[5])

---

[5] Attached to defendant Bogdan's Local Rule 56 Statement.

3. Defendant Bogdan made numerous false accusations against the plaintiffs with Haddam officials, thereby preventing the plaintiff Gilbert Madore from working and providing financially for his family.  (2/4/03 Gilbert Madore Interrogatory Responses, ¶¶ 5, 15)

4. The plaintiffs have been subjected to unequal enforcement of municipal regulations.  On their very road, other property owners keep heavy equipment on their land, in plain view, and have dilapidated buildings and unpermitted construction work going on and no cease and desist orders or other adverse actions are taken by the Town and its officials.  The plaintiffs, however, are subjected to cease and desist orders and other enforcement actions for the very same conduct as their neighbors are allowed to get away with.  (Suzanne Madore's deposition transcript, pp. 6-7, 10-12)

5. Unlike other citizens, whenever defendant Bogdan makes a complaint to Town officials they act in accordance with his wishes.  He always gets his way with the Town officials, unlike other citizens.  (Id. pp. 14-15)

6. Defendant Bogdan terrified the plaintiffs' three young children by stalking in the woods adjoining their house and taking photographs of them.  (Id. pp. 17-20)

7. The plaintiffs reside on three acres of land in Higganum, which is a part of the Town of Haddam.  When they acquired the property it was in very bad shape and they have worked extensively to improve the buildings and the land.  (Id. pp. 6-7; Gilbert Madore deposition transcript, pp. 14-15)

8. Defendant Williams was a town official who subjected the plaintiffs to severe harassment, coming to their property more than twenty times on frivolous complaints

and doing nothing substantive but making threats and disrupting their lives. (Id. pp. 16-18, 28-32)

9. The Town and its officials had no problem with the plaintiffs and did not object to their activities on their property until defendant Bogdan got involved. Thereafter, there was constant harassment by the Town and its officials. (Id. pp. 19-21, 23-28)

10. The accusations made by defendant Williams against the plaintiffs were false. (Id. p. 34)

11. Even during the winter of 2003, defendant Bogdan continued his pattern of repeatedly making false accusations against the plaintiff. (Id. pp. 36-39)

12. Throughout 2002, defendant Bogdan repeatedly telephoned defendant Biondi to make false accusations against the plaintiff. Because defendant Bogdan had so much power in the town, defendant Biondi invariably would respond to Bogdan's calls by telephoning the plaintiff and instructing him not to do whatever it was that Bogdan was falsely accusing him of doing. It was unnecessary for defendant Bogdan to make formal complaints. He could get immediate action from Town officials just by picking up the telephone. Defendant Williams knew these accusations were false but failed to so document that knowledge that Bogdan's false complaints would be ignored. (Id. pp. 39-43)

13. The plaintiffs' chimney was knocked down by lightning but the Town refuses to allow the plaintiffs to fix it. As a result, they were required to use exclusively electric heat during the last winter, at great and unnecessary expense. (Id. pp. 46-49)

14. The only person who has made complaints to the Town against the plaintiffs is defendant Bogdan, acting both for himself and for an elderly woman from whom he obtained a power of attorney. (Id. pp. 50-51)

15. There are at least 30 other people in the Town of Haddam who are openly and flagrantly violating the very same Town regulations that the plaintiffs have been accused of violating, but none of them has been the subject of any adverse Town action. (Id. pp. 51-53)

16. After he was the subject of Town action, the plaintiff complained to defendant Biondi about these identical violations by other named townspeople, but no action was taken by any Town official. (Ibid.)

17. The plaintiff also made such complaints to defendants Williams and Biondi, who informed him that no action would be taken and that he should put his complaints in writing. Defendant Bogdan, however, did not have to put his complaints in writing and could get action from the Town officials every time he made a telephone call. (Id. pp. 54-55, 119)

18. The plaintiff has lost work for his business because developers have told him they are afraid to hire him because of the attitude toward him of Town officials. (Id. pp. 56-58, 95)

19. Defendant Williams came out to the plaintiffs' property, inspected, and confirmed that there were no violations; yet still she refused to withdraw her cease and desist order against the plaintiffs, thereby preventing them from making any improvements on their property. (Id. pp. 59-60)

20.  While every other citizen of the town who has a complaint about regulatory violations is required to put the complaint in writing and, if he wishes to address a municipal board, to get his name and issue put on the board's agenda in advance so the subject of the complaint can have notice, a different procedure applies to defendant Bogdan.  He can make oral complaints and get action.  He can just show up at a board meeting with no advance notice whatsoever, be permitted to denounce the plaintiffs, and get immediate action on his oral complaints even when those complaints are false and he is known to have a history of making such false complaints.  (Id. pp. 63-64, 94-95, 97-100)

21.  On one occasion, the plaintiff Gilbert Madore had to leave work and go home because defendant Bogdan had been on his property photographing and terrifying his young children.  The plaintiff actually caught Bogdan on his property with his camera on that occasion.  (Id. pp. 83-84)

22.  Bogdan has made it a frequent practice to photograph the plaintiffs' property.  He uses a camera with a telephoto lens.  On two or three occasions he has been caught on the plaintiffs' property taking pictures.  At other times, he takes his pictures from just outside the property line.  (Id. pp. 91-92, 113)

23.  Bogdan also has made false and malicious complaints against the plaintiffs to the State Police and the DEP.  (Id. pp. 106-08)

24.  One of Bogdan's sons is a Town official.  (Id. pp. 108-09)

25. A Town official told the plaintiff that defendant Biondi acts on Bogdan's behalf against the plaintiff because Bogdan was a large contributor to Biondi's election campaign but the plaintiff did not contribute. (Id. pp. 110-11, 121-22)

26. The harassment inflicted by the defendants has caused the plaintiff Gilbert Madore to be physically ill on many occasions. (Id. p. 115)

        THE PLAINTIFFS

BY:_____
    JOHN R. WILLIAMS (ct00215)
    51 Elm Street
    New Haven, CT 06510
    203/562-9931
    FAX: 203/776-9494
    E-Mail: jrw@johnrwilliams.com
    Their Attorney

CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to Thomas P. Cella, Esq., Howard, Kohn, Sprague & FitzGerald, 237 Buckingham Street, Hartford, CT 06106; and William J. Melley, III, Esq., Kenny, Brimmer, Melley & Mahoney, 5 Grand Street, Hartford, CT 06106.

_____
JOHN R. WILLIAMS