FILED

2004 JAN 28 P 3: 24

US DISTRICT
BRIDGEPORT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GILBERT MADORE and
SUZANNE MADORE
        Plaintiffs       : CIVIL ACTION NO.:
                                   3 02 CV1519JCH

VS.

TONY BONDI, CYNTHIA WILLIAMS,
TOWN OF HADDAM AND RAY BOGDAN
        Defendants       : January 28, 2004

## OBJECTION TO PLAINTIFFS' LOCAL RULE 9(c) STATEMENT REGARDING FEDERAL RULE 56(e)

The plaintiffs, in their opposition to the defendants' Bondi, Williams and Town of Haddam Motion for Summary Judgment has filed his own statement of facts. The plaintiffs specifically allege in #4, 15, 16, and 17:

    4.     The plaintiffs have been subjected to unequal enforcement of municipal regulations. On their very road, other property owners keep heavy equipment on their land, in plain view, and have dilapidated buildings and unpermitted construction work going on and no cease and desist orders or other adverse actions are taken by the Town and its officials. The plaintiffs, however, are subjected to cease and desist

orders and other enforcement actions for the very same conduct as their neighbors are allowed to get away with. (Suzanne Madore's deposition transcript, pp 6-7, 10-12)...

15. There are at least 30 other people in the Town of Haddam who are openly and flagrantly violating the very same Town regulations that the plaintiffs have been accused of violating, but none of them has been the subject of any adverse Town action. (Id. pp. 51-53)

16. After he was the subject of Town action, the plaintiff complaint to defendant Biondi about these identical violations by other named townspeople, but no action was taken by any Town official. (Ibid.)

17. The plaintiff also made such complaints to defendants Williams and Biondi, who informed him that no action would be taken and that he should put his complaints in writing. Defendant Bodgan, however, did not have to put his complaints in writing and could get action from the Town officials every time he made a telephone call. (Id. Pp. 54-55, 119)

In fact, however, their testimony at the time of the deposition was different.

Specifically, Susan Madore testified as follows:

> Q   All right. In terms of the different allegations of the complaint here as far as there being disparate treatment to the two of you versus any other citizens, do you have any information on that subject?
>
> A   Like how we're treated compared to everybody else?

Q    Right.

A    Well, alls you'd have to do is drive down our road and see. I mean, our house is - - we're getting there. I mean, we've won an award for Christmastime for lights even though we didn't have a chimney and things like that. We're doing the best with what we have.

You go down a hundred yards down the road, and there's a house that's falling apart, dilapidated barn that would crush somebody or an animal that's in there; and, you know, another 200 feet down the road, and there's heavy equipment parked in many people's yards.

It's like okay, what's the difference if Gilbert's got a Kubota home to fix our backyard? Why can't we do that? Ant that's what, you know, just irritate me is every day I pass these houses with huge trucks with sand on them or whatever because it was wintertime, and what's right for one is not right for the other.

Q    Okay. To you knowledge have there been any complaints against any of these individuals to the town - -

A    No

Q    - - that you've identified?

Have you made any complaint to the town about any other people in the town as far as what they have on their property and what they're doing on their property?

A    No, because I assumed it was going to be the same for everybody, but...

Q    But in terms of knowing how the town is treating you with regard to whatever complaint is coming in as opposed to how they treat any other individual, is it fair to say you don't know?

A    No, no I don't know; you're right.

Susan Madore deposition transcript p. 10, line 3 through p. 11 line 13.

Gilbert Madore testified as follows:

Q    Just so I'm clear, though, in terms of you being aware of any other citizen within the town that has had a complaint made against them either in writing or at a commission, can you point to any such person where that's been done?

A    I'd have to go back and look through the town records. I don't know because I don't go down the town and search, and I don't go to every meeting and sit there. So, if I told you I'm aware of someone, I'd be lying. I don't know because I don't go to every meeting and sit there.

Q    All right. So, is it fair to say you don't know if you've been treated differently from the way the town's dealt with other written complaints or complaints made at meetings? Because you're not aware of other meetings, other individuals. Is that right?

A    Right.

Q    So, is it fair to say, I mean, as to whether you're being treated more fairly or less fairly as to somebody on another street you don't know.

A    I would say that I wouldn't know.

Gilbert Madore deposition transcript p. 55, line 25 through p. 56 line 19.

Accordingly, to the extent the plaintiffs make allegations regarding the disparaged treatment that they allegedly received, they have no basis in fact upon which to make such an assertion. Therefore, the defendant objects to the basis of the plaintiff's argument with regard to that aspect of the case.

DEFENDANTS TONY BONDI, CYNTHIA WILLIAMS & TOWN OF HADDAM,

By/s/ William J. Melley III
William J. Melley III
250 Hudson Street
Hartford, CT 06106
phone: (860) 247-9933
fax: (860) 247-9944
Federal Bar No. CT 06355

## CERTIFICATION

This is to hereby certify that a copy of the foregoing was mailed this date to:

Norman A. Pattis, Esquire
Williams and Pattis, LLC
55 Elm Street, Suite 409
New Haven, CT 06510

Thomas P. Cella, Esquire
Howard, Kohn, Sprague & FitzGerald
237 Buckingham Street
P. O. Box 261798
Hartford, CT 06106

William J. Melley III