UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Mar 9  2 05 PH '04

U.S DISTRICT COURT
NEW HAVEN, CONN.

GILBERT MADORE and
SUZANNE MADORE,
                Plaintiffs

      v.

                          3:02-CV-1519 (EBB)

TONY BONDI, CYNTHIA WILLIAMS,
RAY BOGDAN, and TOWN OF HADDAM,
                Defendants

## RULING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Decision on summary judgment motions requires the Court to
pierce the pleadings and to assess the proof, reviewing same in
the non-movant's favor, in order to see if there is a genuine
need for trial.  After review of the through memoranda of law,
exhibits submitted therewith, and the Local Rule 56(c) Statements
submitted by counsel in this case, the Court finds that there are
genuine issues of material fact as to whether Defendants, acting
in concert, including Defendant Bogdan, violated the Equal
Protection rights of the Plaintiffs.  Plaintiffs' pleaded, and
have so testified under oath, that, on their very road, other
property owners keep heavy equipment on their land, in plain
view, and unpermitted construction work is ongoing, yet
Plaintiffs are the only individuals who have been subjected to
numerous cease and desist orders and other enforcement actions by
the Town for much less egregious conduct.

For example, among other duties performed for the Town of

1

Haddam, Gilbert Madore also plowed snow for the Town on a regular basis. Officials of the Town had requested that he install and maintain a diesel fuel tank and keep certain heavy road-working equipment at his residence during the winter months in order to instantly be available to do plowing and related work for the Town. Following the first cease and desist order, Madore was ordered to remove this equipment. Deposition testimony added that Plaintiffs' chimney was struck and knocked down by lightening, yet the Town has refused to issue a work permit to repair it. Accordingly, Plaintiffs have been forced to heat by electricity, at much greater expense.

The Court also finds that Plaintiffs have pleaded and alleged ample facts supporting their contention that Defendants' conduct, again including that of Defendant Bogdan, was extreme and outrageous. A jury could find that the unequal treatment noted above, which resulted in such severe anxiety to Plaintiff Gilbert that he became physically ill, meets the standard for the tort of intentional infliction of emotional distress. It is further alleged, and testified to, that Bogdan made false complaints to the State Police and the DEP against Plaintiffs; trespassed regularly on their land taking photographs of their land (including photographs of the Madores' three children at play, scaring them immeasurably); and stalked them over an extended period of time. A jury could find that such conduct was, indeed, extreme and outrageous. The claims in this case cannot be decided as a matter of law; each presents a question of

fact for the jury.

Accordingly, Defendants' Motions for Summary Judgment [Doc. Nos. 37, 38] are hereby DENIED.

This case is hereby set down for jury selection on June 8, 2004.


                              SO ORDERED


                              _____

                              ELLEN BREE BURNS

                              SENIOR UNITED STATES DISTRICT JUDGE


Dated at New Haven, Connecticut this ___ day of March, 2004.