# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

GILBERT MADORE and
SUZANNE MADORE
                Plaintiffs           : CIVIL ACTION NO.:
                                                  3 02 CV151EEB

VS.

TONY BONDI, CYNTHIA WILLIAMS,
TOWN OF HADDAM AND RAY BOGDAN
                Defendants      : March 8, 2005

## DEFENDANTS' TONY BONDI, CYNTHIA WILLIAMS AND TOWN OF HADDAM TRIAL MEMORANDUM

Pursuant to the Standing Orders in this case, defendants Tony Bondi, Cynthia Williams and Town of Haddam hereby submit the following Trial Memorandum.

    1.    <u>Trial Counsel</u>:  Defendants Tony Bondi, Cynthia Williams and Town of Haddam are represented by William J. Melley III who will be the trial attorney.

    2.    <u>Jurisdiction</u>:  The plaintiffs claim that jurisdiction exists pursuant to 28 U.S.C. Section 1331, 1343(3) and 1367(a) as well as by 42 U.S.C. Section 1983 and 1988.

3. <u>Jury/Non Jury</u>: the plaintiffs have claimed this matter to a jury.

4. <u>Nature of Case</u>:     The plaintiffs have filed a one-count complaint against all of the defendants claiming that the individual defendants acted jointly and in concert to deprive the plaintiffs of their equal protection rights under the 14th Amendment through the selective and unequal enforcement of the Town of Haddam's Planning and Zoning regulations and the Inland Wetlands regulations.  The plaintiffs have also asserted that the actions of the defendants have caused them emotional distress.  The alleged responsibility of the defendant Town of Haddam is derivative.  The plaintiffs' complaint indicates that they are seeking compensatory damages, punitive damages, attorneys' fees and costs.

5. <u>Stipulations of Fact and Law</u>:  There are no stipulations of law or fact regarding any of the issues involved in this case.

6. <u>Plaintiffs' Contentions</u>:  It appears that the plaintiffs' contend that Ray Bogdan's actions were such that he became a de facto agent of the Town of Haddam and acted in concert with Town of Haddam officials to the extent that he directed and controlled their actions and that he entered into a conspiracy with Town officials to violate the rights of the plaintiffs.

7. <u>Defendants' Contentions</u>: The municipal defendants deny the plaintiff's allegations of a conspiracy. They further deny the allegation of inconsistent treatment. They further claim qualified immunity with regard to their actions.

8. <u>Legal Issues</u>: Qualified Immunity, Disparate Treatment Conspiracy, and Bifurcating of any punitive damages award.

9. <u>Voir Dire Questions</u>: Previously submitted.

10. <u>List of Witnesses</u>: Defendants Tony Bondi, Cynthia Williams and Town of Haddam expect to call the following individuals as witnesses: Cynthia Williams and Toni Bondi.

11. <u>Exhibits</u>: Documents, letters and minutes, from the zoning enforcement office and wetlands commission.

12. <u>Deposition Testimony</u>: None, although the defendant reserves the right to use portions of the three depositions taken for purposes of impeachment.

13. <u>Requests for Jury Instructions</u>: Attached. Defendant request the opportunity to supplement.

14. <u>Anticipated Evidentiary Problems</u>:

1. Relevancy of any actions of the Town of Haddam not related to Cynthia Williams or Tony Bondi.

2. Speculation of an application of the zoning regulation to any citizen in the town of Haddam in the absence of any sustentative of same. The municipal defendants would note that no expert has been disclosed and no disclosure has been made of any such claims.

3. Reference to any actions of individual town employees by way of hearsay testimony other than the individual defendants.

4. Any reference to damages in the absence of any disclosure of same by way of discovery or damage analysis pursuant to the discovery schedule.

5. Any claim of injury by way of emotional distress to the children.

6. Any evidence of actions by any town official regarding the plaintiff and the Town after Cynthia Williams left the employment of the town without a direct reference, by personal knowledge, to Tony Bondi.

4

      7.     Any testimony evidence regarding the plaintiff's contract to snow plow in the town.  Said issues, raised before Judge Janet Hall were resolved by way of an agreement after the plaintiff sought an injunction.  Said actions were not ever made part of the complaint.

      8.     The municipal defendants object to any evidence of the claim of emotional distress based on the actions of the defendant Bogdan.

     15.    <u>Proposed Findings of Fact and Conclusions of Law</u>:  None.

     16.    <u>Trial Time</u>:  It is expected that the evidential portion of the trial will take between 2 and 3 days.

     17.    <u>Further Proceedings</u>:  N/A.

     18.    <u>Election for Trial by Magistrate</u>:  N/A.

                             DEFENDANTS TONY BONDI, CYNTHIA
                               WILLIAMS AND TOWN OF HADDAM,

                             By_____
                               William J. Melley III
                               250 Hudson Street
                               Hartford, CT 06106
                               phone:  (860) 247-9933
                               fax:  (860) 247-9944
                               Fed. Bar No.:  06355

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was hand-delivered on this date to:

John Williams, Esquire
Law offices of John Williams
55 Elm Street, Suite 409
New Haven, CT 06510

Thomas P. Cella, Esquire
Christopher M. Harrington, Esquire
Howard, Kohn, Sprague & FitzGerald
237 Buckingham Street
P. O. Box 261798
Hartford, CT  06106

                                                                 _____
                                                                 William J. Melley III