UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

United States District Court
District of C...
FILED AT
3/8/05
Kevin F. Rowe, Clerk
By M. Ruocco
Deputy Clerk

| | | |
|---|---|---|
| GILBERT MADORE and<br>SUZANNE MADORE | : | |
| VS. | : | NO. 3:02CV1519(EBB)(HBF) |
| TONY BONDI,<br>CYNTHIA WILLIAMS,<br>TOWN OF HADDAM and<br>RAY BOGDAN | : | MARCH 7, 2005 |

## PLAINTIFFS' TRIAL MEMORANDUM

**(1)　TRIAL COUNSEL**
John R. Williams
Katrena Engstrom
Joseph M. Merly
51 Elm Street, Suite 409
New Haven, CT 06510
(203) 562-9931
Fax: (203) 776-9494
E-Mail: jrw@johnrwilliams.com

**(2)　JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

**(3)　JURY-NONJURY**

　　This is a jury case.

### (4)   NATURE OF CASE

For more than the three years immediately preceding this complaint, the defendant Bogdan has acquired and exerted such substantial power in the Town of Haddam that he is able as a matter of course to dictate the conduct and official actions of the defendants Bondi and Williams. The actions of the municipal defendants hereinafter described were dictated by the defendant Bogdan, who has developed an unreasoning hatred of the plaintiffs and has for at least three years engaged in a continuous pattern of harassment and abuse directed against the plaintiffs and their family. This pattern has included stalking the plaintiffs, photographing their children, photographing their property and inciting hatred of the plaintiffs by other residents of the town.

In response to the pressure and demands of defendant Bogdan, the defendants Williams and Bondi, and the defendant Town of Haddam itself, acting at all times through its highest policy-setting officials for the purposes in question, have subjected the plaintiffs during the three years immediately prior to the filing of this litigation to unequal and disparate enforcement of the laws, unreasonably and irrationally, intentionally and maliciously, in violation of the Fourteenth Amendment to the United States Constitution.

In April of 2001, as a part of the said unequal enforcement of the laws, defendant Williams, with the knowledge and approval of defendant Bondi, unfairly and unreasonably accused the plaintiffs of violating inland wetlands regulations not enforced against similarly situated neighbors.

Although the plaintiff Gilbert Madore had been requested by officials of the

Town of Haddam to keep certain road-working equipment at his house during the winter months so he would be instantly available to do plowing and related work for the Town during bad weather, defendant Williams informed the plaintiffs in writing on December 13, 2001, that they were violating zoning regulations and would be required to appear before the Planning and Zoning Commission to explain themselves and seek a permit.

On January 24, 2002, defendant Williams again attempted the unequal and disparate enforcement of inland wetland regulations against the plaintiffs as compared to other town residents similarly situated.

On January 25, 2002, defendant Williams with the knowledge and approval of defendant Bondi, and acting on behalf of the Town of Haddam, served a Notice of Violation upon the plaintiffs for conduct of a kind which, when engaged in by others in the town, produced no such enforcement action.

On March 18, 2002, defendant Bogdan appeared before the Haddam Planning and Zoning Commission, which is the highest policy-setting body for planning and zoning matters of the defendant Town of Haddam, and accused the plaintiffs of a variety of planning and zoning violations.  In response, defendant Williams and other officials of the commission, in the name of the town, accused the plaintiffs of unlawful conduct and announced their intention to enforce zoning regulations against the plaintiffs in a manner much more rigid and severe than that applied by them to other town residents similarly situated.

As a part of its effort to assure that the plaintiff Gilbert Madore, who performed a variety of services for the town including winter plowing, always would be immediately available for snow removal work during the winter months, officials of the defendant

Town of Haddam had insisted among other things that he install and maintain a diesel fuel tank at his residence and keep necessary equipment there during the snow season.

On March 29, 2002, defendant Williams with the knowledge and approval of defendant Bondi and in the name of the Town of Haddam, issued a cease and desist order against the plaintiffs accusing them of regulatory violations precisely because the plaintiff Gilbert Madore had complied with the town's requests listed in Paragraph 15.

As a result of the actions of the defendants described above, the plaintiffs have suffered economic loss and emotional distress.

In the manner described above, the defendants and each of them have deprived the plaintiffs of their Fourteenth Amendment right to equal protection of the laws.

The conduct of the defendants described above has been extreme and outrageous and carried out with the knowledge that it was likely to cause the plaintiffs to suffer emotional distress, in violation of Connecticut common law.

## (5) STIPULATIONS OF FACT AND LAW

The parties are unable to stipulate to any applicable facts and law.

## (6) PLAINTIFF'S CONTENTIONS

1. Defendant Bogdan on repeated occasions photographed the plaintiffs' property and the plaintiffs' young children, terrorizing the children.

2. The defendant Town of Haddam requested the plaintiffs to install equipment at their residence and then issued a cease and desist order against them, at the

insistence of defendant Bogdan, falsely accusing the plaintiffs of regulatory violations because of their compliance with the Town's request. These actions of the defendants caused the family to suffer economic losses and emotional distress.

3. Defendant Bogdan made numerous false accusations against the plaintiffs with Haddam officials, thereby preventing the plaintiff Gilbert Madore from working and providing financially for his family.

4. The plaintiffs have been subjected to unequal enforcement of municipal regulations. On their very road, other property owners keep heavy equipment on their land, in plain view, and have dilapidated buildings and unpermitted construction work going on and no cease and desist orders or other adverse actions are taken by the Town and its officials. The plaintiffs, however, are subjected to cease and desist orders and other enforcement actions for the very same conduct as their neighbors are allowed to get away with.

5. Unlike other citizens, whenever defendant Bogdan makes a complaint to Town officials they act in accordance with his wishes. He always gets his way with the Town officials, unlike other citizens.

6. Defendant Bogdan terrified the plaintiffs' three young children by stalking in the woods adjoining their house and taking photographs of them.

7. The plaintiffs reside on three acres of land in Higganum, which is a part of the Town of Haddam. When they acquired the property it was in very bad shape and they have worked extensively to improve the buildings and the land.

8. Defendant Williams was a town official who subjected the plaintiffs to severe harassment, coming to their property more than twenty times on frivolous complaints

and doing nothing substantive but making threats and disrupting their lives.

9. The Town and its officials had no problem with the plaintiffs and did not object to their activities on their property until defendant Bogdan got involved. Thereafter, there was constant harassment by the Town and its officials.

10. The accusations made by defendant Williams against the plaintiffs were false.

11. Even during the winter of 2003, defendant Bogdan continued his pattern of repeatedly making false accusations against the plaintiff.

12. Throughout 2002, defendant Bogdan repeatedly telephoned defendant Biondi to make false accusations against the plaintiff. Because defendant Bogdan had so much power in the town, defendant Biondi invariably would respond to Bogdan's calls by telephoning the plaintiff and instructing him not to do whatever it was that Bogdan was falsely accusing him of doing. It was unnecessary for defendant Bogdan to make formal complaints. He could get immediate action from Town officials just by picking up the telephone. Defendant Williams knew these accusations were false but failed to so document that knowledge that Bogdan's false complaints would be ignored.

13. The plaintiffs' chimney was knocked down by lightning but the Town refuses to allow the plaintiffs to fix it. As a result, they were required to use exclusively electric heat during the last winter, at great and unnecessary expense.

14. The only person who has made complaints to the Town against the plaintiffs is defendant Bogdan, acting both for himself and for an elderly woman from whom he obtained a power of attorney.

15. There are at least 30 other people in the Town of Haddam who are openly and flagrantly violating the very same Town regulations that the plaintiffs have been accused of violating, but none of them has been the subject of any adverse Town action.

16. After he was the subject of Town action, the plaintiff complained to defendant Biondi about these identical violations by other named townspeople, but no action was taken by any Town official.

17. The plaintiff also made such complaints to defendants Williams and Biondi, who informed him that no action would be taken and that he should put his complaints in writing. Defendant Bogdan, however, did not have to put his complaints in writing and could get action from the Town officials every time he made a telephone call.

18. The plaintiff has lost work for his business because developers have told him they are afraid to hire him because of the attitude toward him of Town officials.

19. Defendant Williams came out to the plaintiffs' property, inspected, and confirmed that there were no violations; yet still she refused to withdraw her cease and desist order against the plaintiffs, thereby preventing them from making any improvements on their property.

20. While every other citizen of the town who has a complaint about regulatory violations is required to put the complaint in writing and, if he wishes to address a municipal board, to get his name and issue put on the board's agenda in advance so the subject of the complaint can have notice, a different procedure applies to defendant Bogdan. He can make oral complaints and get action. He can just show up at a board meeting with no advance notice whatsoever, be permitted to denounce the plaintiffs,

and get immediate action on his oral complaints even when those complaints are false and he is known to have a history of making such false complaints.

21. On one occasion, the plaintiff Gilbert Madore had to leave work and go home because defendant Bogdan had been on his property photographing and terrifying his young children. The plaintiff actually caught Bogdan on his property with his camera on that occasion.

22. Bogdan has made it a frequent practice to photograph the plaintiffs' property. He uses a camera with a telephoto lens. On two or three occasions he has been caught on the plaintiffs' property taking pictures. At other times, he takes his pictures from just outside the property line.

23. Bogdan also has made false and malicious complaints against the plaintiffs to the State Police and the DEP.

24. One of Bogdan's sons is a Town official.

25. A Town official told the plaintiff that defendant Biondi acts on Bogdan's behalf against the plaintiff because Bogdan was a large contributor to Biondi's election campaign but the plaintiff did not contribute.

26. The harassment inflicted by the defendants has caused the plaintiff Gilbert Madore to be physically ill on many occasions.

## (7)   DEFENDANT'S CONTENTIONS

Please see Defendant's Trial Memorandum.

### (8) LEGAL ISSUES

1. Whether the defendants were acting under color of law during the times and incidents described in the Complaint.

2. Whether the defendants acted jointly and in concert with each other.

3. Whether the plaintiffs' claims are barred by the applicable statute of limitations.

4. Whether the defendants' conduct was absolutely and/or qualifiedly privileged.

5. Whether the defendants are immune from liability under the doctrine of governmental immunity.

6. Whether the defendants' conduct is protected by the United States and Connecticut Constitutions.

### (9) VOIR DIRE QUESTIONS

Provided under separate cover.

### (10) LIST OF WITNESSES

1. Gilbert Madore

2. Suzanne Madore

3. Tony Bondi, defendant and First Selectman, Town of Haddam

4. Cynthia Williams, defendant and former Zoning Enforcement Officer, Town of Haddam

5. Ray Bogdan, defendant

6. Mark Stephens

7. Harry Everhart

8. Paul Geraghty, Chairman, Planning and Zoning Commission

9. Robert Duval

10. Phil Geoff

11. Willy Parker

12. Kelly Parker

13. Trooper William Logidice

14. Trooper Matt Raymond

15. DEP Officer Hazmat

16. Timothy Morrill

17. Ann Riebold

18. Trooper Jong Park

19. Carl Augeri

20. Ernie Rogers

21. Glenn Flannigan

22. Ann Riebold

23. Jeff Cosgrove

24. Kurt Bober

25. Jeff Del Farero

26. Marianne Lentz

27. Lou Miardo

28. Mike Foisie

29. Charles Robbins

**(11) EXHIBITS**

1. Photographs

2. 4/3/98 Wetlands Commission Permit Application

3. 5/11/98 Permit authorization

4. 11/25/98 letter from Harry Eberhart to Suzanne Dadario

5. 4/1/99 letter from Keith Ainsworth to Joyce Maynard

6. 10/18/99 letter from Robert Tommell to Steven Hitchcock

7. 9/30/99 letter from Robert Tommell to Steven Hitchcock

8. 6/16/99 letter from Joyce Maynard to Steven Hitchcock

9. 3/30/99 letter from Joyce Maynard to Keith Ainsworth

10. Maps of Haddam Planning Department and various Town offices

11. 4/5/01 Field Notes, Town of Haddam

12. 12/13/01 letter from Cynthia Williams to plaintiffs

13. 1/24/02 letter from Cynthia Williams to plaintiffs

14. 1/25/02 Notice of Violation

15. 3/29/02 Cease and Desist Order

16. 1/24/02 Emergency Incident Report

17. 1/29/02 Emergency Incident Report

18. 2/19/98-6/1/98 Town of Haddam Field and Office Log Notes

19. 3/9/98 Notice of Violation

20. 3/18/02 minutes of Planning and Zoning Commission meeting

21. Haddam Bulletin, May 2002, Vol. XLIII, No. 4

22. 4/9/02 letter from Phil Goff re Madore Landscaping

(12) **DEPOSITION TESTIMONY**

None.

(13) **REQUESTS FOR JURY INSTRUCTIONS**

Provided under separate cover.

(14) **ANTICIPATED EVIDENTIARY PROBLEMS**

None.

(15) **PROPOSED FINDINGS AND CONCLUSIONS**

Not applicable.

(16) **TRIAL TIME**

Three to four days.

(17) **FURTHER PROCEEDINGS**

None.

(18) **ELECTION FOR TRIAL BY MAGISTRATE**

Not applicable.

THE PLAINTIFFS

BY: _____
Joseph M. Merly, Esq. (ct21266)
John R. Williams and Associates, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
Telephone: (203) 562-9931
Fax: (203) 776-9494
E-mail: jmerly@johnrwilliams.com
Their Attorney

## CERTIFICATION OF SERVICE

This is to certify that on the date above stated, a copy hereof was hand-delivered to:

William J. Melly, III, Esq.
250 Hudson Street
Hartford, CT 06106

Thomas P. Cella, Esq.
Howard, Kohn, Sprague and Fitzgerald
237 Buckingham Street
Hartford, CT 06106

_____
JOSEPH M. MERLY