FILED

2005 MAR -7 P 12: 57

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GILBERT MADORE and<br>SUZANNE MADORE<br>   Plaintiffs | CIVIL ACTION NO. |
| v. | 3:02CV01519 (EBB) |
| TONY BONDI, CYNTHIA WILLIAMS,<br>TOWN OF HADDAM and RAY<br>BOGDAN<br>   Defendants | March 3, 2005 |

### DEFENDANT RAY BOGDAN'S
### TRIAL MEMORANDUM

Pursuant to the Standing Orders in this case, defendant Ray Bogdan hereby submits the following Trial Memorandum.

1. **Trial Counsel:** Defendant Ray Bogdan is represented by the law firm of Howard, Kohn, Sprague & FitzGerald, 237 Buckingham, Street, Hartford, Connecticut (860-525-3101). Attorneys Thomas P. Cella and/or Christopher M. Harrington will be the trial attorney for Mr. Bogdan. The following is a list of the other attorneys in the firm of Howard, Kohn, Sprague & FitzGerald:

>John Stephen Papa - Manchester;
>John FitzGerald - Manchester;
>Thomas P. Cella - Manchester;
>James Moher - Glastonbury;
>Jack Steigelfest - Glastonbury;
>James F. Sullivan - New Britain;
>Todd Whitford - Somers;

Brian Danforth - Somers;
Keith Rudzik - Granby;
Steven Barber - Middletown; and
Gregory Krieger - Wallingford.

2. **Jurisdiction:** The plaintiffs claim that jurisdiction exists pursuant to 28 U.S.C. § 1331, 1343(3) and 1367(a) as well as by 42 U.S.C. § 1983 and 1988.

3. **Jury / Non-Jury:** The plaintiffs have claimed this matter to a jury.

4. **Nature of Case:** The plaintiffs have filed a one-count complaint against all of the defendants claiming that the defendants acted jointly and in concert to deprive the plaintiffs of their equal protection rights under the 14th Amendment through the selective and unequal enforcement of the Town of Haddam's Planning and Zoning regulations and the Inland Wetlands regulations. The plaintiffs have also asserted that the actions of the defendants have caused them emotional distress. The plaintiffs' complaint indicates that they are seeking compensatory damages, punitive damages, attorneys fees and costs.

5. **Stipulations of Fact and Law:** There are no stipulations of law or fact regarding any of the issues involved in this case.

6. **Plaintiffs' Contentions:** It appears that the plaintiffs' contend that Ray Bogdan's actions were such that he became a *de facto* agent of the Town of Haddam and acted in concert with Town of Haddam officials to the extent that he directed and controlled

2

their actions and that he entered into a conspiracy with Town officials to violate the rights of the plaintiffs.

7. **Defendant's Contentions**: Defendant Ray Bogdan maintains that at all times he was acting as a private citizen on behalf of himself and his neighbor Joyce Maynard of whom he has a Power of Attorney. Defendant Bogdan maintains that all of his actions were lawful, that he did not and could not exert any power or control over any of the officials of the Town of Haddam and that he simply exercised his constitutional right to make complaints about the plaintiffs' use of their property.

8. **Legal Issues:**

   a. Whether defendant Bogdan, in his individual capacity, violated the plaintiffs constitutional rights;

   b. Whether defendant Bogdan's actions amounted to acting "under color of state law" as defined by 42 U.S.C. § 1983;

   c. Whether defendant Bogdan acted in concert with the Town officials in regard to the actions taken against the plaintiffs;

   d. Whether there was a mutual understanding between Mr. Bogdan and the Town officials to purposefully violate the plaintiffs' constitutional rights;

   e. Whether Mr. Bogdan asserted such power, influence and control over the Town officials so as to influence or instruct the Town officials to violate the plaintiffs' constitutional rights and to apply the zoning regulations unequally;

   f. Whether Mr. Bogdan entered into a conspiracy with the Town officials to violate the plaintiffs' constitutional rights;

3

 g. Whether Mr. Bogdan or the Town officials intentionally set out to cause the plaintiffs emotional distress; and

 h. Whether the actions of Mr. Bogdan or the Town officials were so extreme and outrageous as to go beyond all possible bounds of decency.

9. **Voir Dire Questions:** See attached;

10. **List of Witnesses:** Defendant Ray Bogdan expects to call the following individuals as witnesses:

 a. Ray Bogdan - 92 Nason Road, Higganum, Connecticut. It is expected that Mr. Bogdan will testify as to his observations of the plaintiffs use of their property; the actions he took with regard to what he observed; the actions he took with regard to the Town of Haddam's Zoning Commission and why he took photographs showing the plaintiffs' use of their property. It is also expected that Mr. Bogdan will testify as to his relationship to Joyce Maynard and how the plaintiffs' use of their property has affected him personally, his property and the area in general.

 b. Joyce Maynard - 93 Nason Road, Higganum, Connecticut. It is expected that Ms. Maynard will testify as to her observations of the plaintiffs use of their property and the relationship between her and Ray Bogdan. It is also expected that Ms. Maynard will testify as to how the plaintiffs' use of their property has affected her personally, her property and the area in general.

 c. Peter Digioia - Connecticut State Police, Troop F, 1111 Country Club Road, Middletown, Connecticut.

11. **Exhibits**: Defendant Ray Bogdan expects to introduce the following exhibits at trial:

 a. Numerous photographs showing the plaintiffs' use of their property including enlargements of some of the photographs;

4

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160

b.  Statutory short form power of attorney from Joyce Maynard to Ray Bogdan, dated February 7, 2002;

c.  Minutes of the Town of Haddam Planning and Zoning Commission hearing for March 18, 2002; and

d.  A zoning map for the area in question.

12. **Deposition Testimony:** Defendant Ray Bogdan expects that he will introduce all or parts of the deposition testimony of Peter Digioia. The defendant can not cite to any page numbers as the deposition is scheduled to take place on March 7, 2005.

13. **Requests for Jury Instructions:** To be provided.

14. **Anticipated Evidentiary Problems:** At this time, defendant Ray Bogdan is unaware of any potential evidentiary problems.

15. **Proposed Findings of Fact and Conclusions of Law:** Not applicable.

16. **Trial Time:** It is expected that the evidential portion of the trial will take between 2 and 3 days.

17. **Further Proceedings:** Defendant Ray Bogdan does not anticipate that there will be a need for any further proceedings prior to trial.

5

18. **Election for Trial by Magistrate:**  The parties have not reached any agreements with regard to the case being tried by a United States Magistrate Judge or to have any appeals heard by the District Court or by the Court of Appeals.

DEFENDANT
RAY BOGDAN

By_____
Christopher M. Harrington, Esq.
Federal Bar No.: ct 16851
Thomas P. Cella, Esq.
Federal Bar No.: ct 04298
Howard, Kohn, Sprague & FitzGerald
237 Buckingham Street
Hartford, CT 06106
(860) 525-3101; Juris No. 28160
His attorneys

6

## CERTIFICATION

I hereby certify that on March 4, 2005 a copy of the foregoing was mailed via U.S. Mail, postage prepaid, as well as by fax transmission to:

John Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

William J. Melley, III
Law Offices of William J. Melley, III
250 Hudson Street
Hartford, CT 06106

By _____
Christopher M. Harrington

7

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160